# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed February 2, 1899.

RICHARD F. GUNDRY
VS.
THE NATIONAL BANK OF COMMERCE.

*John Watson, Jr.,* for plaintiff.

*John C. King* and *Edward Guest Gibson* for defendant.

STOCKBRIDGE, J.—

On March 24, 1893, The National Bank of Commerce discounted for Eugene L. Crutchfield his note for the sum of $1,300. Payments were made on account of this note on the 26th of April and 2nd of August, in the same year, reducing the amount due to said bank by Crutchfield to the sum of $500, for which sum, on the last named date, he gave his note to the bank, and also executed to it a conveyance of certain property, in pursuance of a promise made to the bank at the time of the original discount, to do so whenever requested by the bank. This conveyance was not placed on record by the bank until the 14th of August, 1894, more than a year after its execution. In the meantime, Mr. Crutchfield had made an assignment for the benefit of his creditors.

In February, 1894, the bank began collecting the rents of the property described in the deed, and continued so to do until the property was sold under the foreclosure of a mortgage thereon, collecting, all told, the sum of $1,656.80, while the expenses on the property during that time aggregated $1,442.07.

The present bill is filed by a creditor of Mr. Crutchfield, to have the deed declared an equitable mortgage, and then to have such equitable mortgage declared void, and the rents collected by the bank, over and above the actual expenses paid on the said property, applied to the payment of the creditors of Mr. Crutchfield, generally.

That the deed in question should be regarded as an equitable mortgage is conceded. But whether the rents collected by the bank were collected by virtue of it is not clear. Had the conveyance been in terms a mortgage, the mortgagor would of course under the ordinary forms of a mortgage have been entitled to possession, and therefore to the rents of the property; in this case there is no express assent in writing to such possession by the mortgagor, but the conduct of the parties to the transfer for six months after the execution of the conveyance, was that of such assent in fact. It is therefore difficult to reconcile the subsequent collection of the rents by the equitable mortgagee, the bank, as having been done by virtue of this conveyance, and if such collections were made under the authority of a different or subsequent order, they would be perfectly valid in the absence of any proof tending to show that such authority was given with an intent to defraud subsisting or subsequent creditors; and not only is there no proof to this effect, but it is not even alleged in the bill.

But assuming that the rents were collected by the equitable mortgagee under and by virtue of the mortgage, it is claimed that the making of such mortgage was in violation of Sections 5136 and 5137 of the Revised Statutes, and therefore void, and that by reason of this fact the creditors of Mr. Crutchfield can follow the rents of the property so mortgaged and recover them. This contention, however, is not well founded. The sections in question have been several times before the Courts for construction, and it has been uniformly held that national banks may loan money on the security of a mortgage, if no objection thereto is raised by the United States.

National Bank vs. Matthews, 98 U. S. 621.

National Bank vs. Whitney, 103 U. S. 99.

Fortier vs. New Orleans Bank, 112 U. S. 439.

In two of these cases it is true that the original loan was not made by the bank, but the bank took the mortgages as collateral from the mortgagee, but in the second case cited, the mortgage was made directly to the bank, and the principle announced was the same in each case.

The United States is not making the complaint in this case seeking to have the equitable mortgage set aside, and therefore the bill will be dismissed with costs.